# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| IRVEN DOUGLAS ADAMS,<br><br>                  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:08CV774 DAK |

      This matter is before the court on Petitioner Irven Douglas Adams's Motion for Extension of Time, a Motion for Discovery, a Motion to Appoint Counsel, and a Motion for Evidentiary Hearing. All of the motions relate to his pending Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

      Before Mr. Adams filed his § 2255 petition, the court had responded to a letter from Mr. Adams in which he had requested an extension of time to file his petition due to lock-down conditions at the prison. The court indicated that once it had jurisdiction, it would grant an extension of time and also permit an amended motion to be filed when conditions at the prison

improved.[1] Mr. Adams then filed a handwritten petition, which was over one-hundred pages long.[2] He also filed a motion for extension of time to file a typed, "more legible" brief.[3]

In December 2008, Mr. Adams filed a Motion for Appointment of Counsel. In the motion, he also noted that the prison had been on lockdown again (and would remain under lock down for the foreseeable future) and that he had only been able to type half of his § 2255 petition.

In March 2010, Petitioner filed a document, indicating that he had sent in the typed version in November 2009 but that it was not on the court docket.[4] Unfortunately, the court was unaware of this correspondence until recently and thus did not know that Petitioner had filed an amended, typed version of the petition.

Although the motion for an extension of time is somewhat moot at this point, given that Mr. Adams appears to have filed a typed version in November 2009, the court now formally grants the motion for an extension of time and finds that Mr. Adams timely filed his § 2255 petition.

The court also grants Petitioner's Motion for Appointment of Counsel. The court finds that the interests of justice require the appointment of counsel in this case because of the many

---

[1] See Docket No. 4, letter dated November 25, 2008. The court had also sent a previous letter, dated September 24, 2008.

[2] See Docket No. 1.

[3] See Docket No. 2.

[4] Petitioner claims to have a receipt from the filing, and the court does not doubt that he filed a typed brief in November 2009. Around that time, there were some docketing problems in the court, and it is possible that the document was received but never docketed.

issues Petitioner appears to have raised, the complexity of some of the issues surrounding his sentencing, which occurred soon after the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and Petitioner's life sentence. Counsel is directed to redraft and refile the petition, after reviewing the November 2009 version (which will have to be provided by Mr. Adams) and eliminating any ground devoid of merit.

Petitioner is reminded that issues that have already been considered and disposed of on direct appeal may not be raised under § 2255. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1328 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Similarly, Section 2255 is not a vehicle for testing the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

The amended petition shall be filed by no later than September 30, 2011, unless a motion for an extension of time is filed by counsel. The government is directed to respond to the amended petition within ninety days after the amended petition is filed by counsel.

With regard to Petitioner's Motion for Discovery, the court declines to grant the motion at this juncture. Appointed counsel, however, may refile such a motion if it is warranted. Finally, the court also denies at this time Petitioner's request for an evidentiary hearing. The court will consider such a request after the § 2255 petition has been fully briefed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Appoint Counsel [Docket No. 6] is GRANTED. The Clerk of Court is directed to forward this

Order to the appropriate Magistrate Judge, who is directed to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B).

In addition, Petitioner's Motion for Extension of Time [Docket No. 2] is GRANTED, and his petition is deemed timely filed. Appointed counsel may have until September 30, 2011 to file an amended Petition.[5]

The Motion for Discovery [Docket No. 3] is DENIED without prejudice to renew at a later date, and the Motion for Evidentiary Hearing [Docket No. 9] is also DENIED without prejudice to renew at a later date.

The United States is directed to respond within ninety days after the amended petition is filed.

DATED this 16th day of June, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[5] If more time is needed, counsel may file a Motion for Extension of Time.