IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IRVEN DOUGLAS ADAMS,<br><br>              Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:08CV774 DAK |

      This matter is before the court on Irven Douglas Adams's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] Mr. Adams has also filed a Motion for Discovery and a Motion for an Evidentiary Hearing.[2] The court has carefully reviewed all of the memoranda and exhibits related to the § 2255 motion, and the motions for discovery and an evidentiary hearing, along with the docket of Mr. Adams' criminal case.[3] The court finds that Mr. Adams's petition, the records of the case, and the United States' response

---

[1] Docket No. 31.

[2] Docket Nos. 45, 46.

[3] Case No. 2:03CR178 DAK.

1

conclusively show that Adams is not entitled to relief, and thus the court will not hold a hearing. *See* 28 U.S.C. §2255 (b).

In early 2003, a grand jury returned a 59-count indictment charging Petitioner and other co-defendants with crimes associated with trafficking methamphetamine. Seventeen of those counts included Petitioner, charging him with distribution of methamphetamine, money laundering, and participation in conspiracies to distribute methamphetamine, launder money, and illegally distribute pseudoephedrine.  Over the course of the next year, Petitioner's co-conspirators pleaded guilty to the charges in the Indictment.  Meanwhile, Petitioner went through six different attorneys before the Court appointed trial defense counsel, David Leavitt, on October 6, 2003.   In December 2003, Petitioner moved to continue the trial, and the Court granted a continuance until after May 1, 2004, and scheduled the trial for June, 21, 2004.   In April 2004, Petitioner again requested a continuance, but the Court denied the request, and trial began on June, 21 and lasted for fifteen days.   During the trial, many of his co-conspirators testified against him, and audio recordings of phone and face-to-face conversations, video recordings of specific drug deals, and testimony of law enforcement officers performing surveillance corroborated the co-conspirators' testimony.

On July 12, 2004, Mr. Adams was found guilty on all seventeen counts pursued by the Government at trial: Count 1; Count 2; Count 3; Count 4; Count 6; Count 36; Count 37; Count 38; Count 40; Count 41; Count 42; Count 44; Count 45; Count 46; Count 55; Count 58 ; Count 59;   On October 26, 2004, he was  sentenced to life, or, in the event that the Federal Sentencing

Guidelines were found to be unconstitutional, he was given a sentence of 360 months, followed by a term of 120 months supervised release.

On November 8, 2004, he appealed on his conviction and the court's imposition of a life sentence. On January 2, 2007, the Tenth Circuit affirmed his conviction and his sentence, and the Mandate was filed on March 22, 2007. On October 6, 2008, Petitioner filed his original § 2255 motion. Because the court was under the impression that Mr. Adams was going to file an amended § 2255 petition,[4] and because of an apparent docketing failure pertaining to an amended § 2255 that Mr. Adams apparently sent to the court in November 2009, Mr. Adams' petition remained undecided. Eventually, counsel was appointed to represent Mr. Adams[5] because of (1) the length of time his petition had been pending, (2) the voluminous and rambling nature of his original petition, and (3) the problems Mr. Adams had allegedly encountered in having documents seized by prison authorities.

Mr. Adams' appointed counsel has now filed a very thorough and well-researched amended petition. However, for all the reasons stated by the United States in its Response to the petition,[6] the court denies the petition. As explained by the United States in its Response, Mr. Adams's claims are procedurally barred because he either raised them on direct appeal or

---

[4] *See* Docket No. 2, 4,

[5] Docket No. 15.

[6] Docket No. 39.

could have raised them in his appeal but failed to do so.[7]  The only claims that do not fall into these categories are claims 15 and 16, which allege ineffective assistance of counsel.  These claims, however, appear to be an attempt to circumvent the procedural bar that precludes his other claims.

Even assuming that these claims for ineffective assistance of counsel were proper, the court finds that his ineffective assistance claims lack merit.  To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94.

In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686.  For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence

---

[7] Even if the claims were not procedurally barred, the claims fail for lack of merit, as detailed by the United States in its Response.

normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

In this case, Petitioner has not demonstrated that his counsel's performance was constitutionally deficient or that any such deficient performance was prejudicial. Petitioner's counsel's performance was certainly "within the range of competence normally demanded of attorneys in criminal cases." The court remarked at the time that defense counsel gave Petitioner "an excellent defense."[8] Mr. Adams was not convicted because of any failure on the part of his counsel but because of the enormity of the evidence against him from a variety of sources. Therefore, the court denies his petition, his motion to conduct discovery, and his motion for an evidentiary hearing.

### RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[9]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[8] *See* Response of United States at p. 34 (including citation to transcript).

[9] *See* Rules Governing Section 2255 Proceedings for the United States District Courts.

encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. In addition, his Motion for Discovery [Docket No. 45] is DENIED, as is his Motion for Evidentiary Hearing [Docket NO. 46]. The court declines to issue a Certificate of Appealability.

DATED this 11th day of July, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge